■ COUNTY DOLLAR CORPORATION, Respondent, v. GEORGE FARKAS, Appellant, et al., Defendants.— Order of the Supreme Court, Westchester County, dated September 8, 1967, which denied appellant's motion to dismiss the complaint, reversed, on the law, with $20 costs and disbursements; motion, treated as for summary judgment (CPLR 3211, subd. [c]), granted; judgment directed dismissing the complaint as to appellant, with costs; and action severed accordingly. No questions of fact were considered. In our opinion, the complaint, predicated on the alleged fraud of defendants other than appellant, does not state a sufficient cause of action for the equitable coercive relief requested. Nor are the facts presented in the opposing affidavits persuasive of any conclusion of actionable fraud. Such triable factual issues as may appear are not relevant to this determination of insufficiency and, to the extent that they are relevant on the issue of the comparative equities of plaintiff and appellant with respect to the subject of the controversy, to wit, the street rights, they may be determined in the prior pending action in which these litigants are also involved. Moreover, plaintiff's claim that it is entitled to a declaratory judgment and to equitable coercive relief, predicated on plaintiff having acquired the equitable title of defendant Cross Properties, Inc., to the street rights, is, in our opinion, the subject of another cause of action predicated on a theory (a) which is advanced for the first time in the papers in opposition to appellant's motion, (b) which is not stated in the complaint and which, in our opinion, is not inferrable solely from the allegations of the "Together with" clauses of the contract and deed and from the nominee relationship alleged in the complaint and (c) which, under the circumstances adduced, is not a proper subject for repleading in an amended complaint and, absent substantial prejudice, does not merit granting permission for such repleading. In arriving at the conclusion herein, we do not determine the merits of such other cause of action predicated on such additional theory above referred to; nor is it intended to suggest that there is any basis therefor. However, the determination is herein made without prejudice to plaintiff's right to institute such action, as it may be advised, which is not inconsistent with the within disposition. It is further noted that, in arriving at the conclusion herein, we have not found it necessary to consider,

nor did we reach, the question involving the Statute of Limitations posed by the litigants herein. Nor have we found it necessary to consider or reach the issues involving the Statute of Frauds, the enforcibility of appellant's option, or the *laches* with which the litigants charge one another, which issues are relevant to the comparative rights of plaintiff and appellant with respect to the street rights, and which, as hereinabove stated, are also determinable in the prior pending action, absent the institution by plaintiff of any other action as herein indicated. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.